from time to time specifically agreed upon and authorized. The plaintiffs' witness Smith, who was their manager, testified that after June 29, 1891, the work was done under the specifications and the contract, and he claimed that it had been finished in accordance therewith. On examining the record and analyzing the evidence relating to the various items of omissions and defects in the work which are made the bases of the referee's finding that the plaintiffs failed to perform their contract, we see no reason for differing with him in the conclusion at which he arrived. The insufficiencies were so great that it cannot be said they were immaterial; and some of them, as before stated, must have been intentional omissions or intentional bad work. The referee was right in his view of the evidence upon the question of fact as to the performance of the contract. The defects pervade the whole work. They were very substantial, and not merely unimportant mistakes; and some, if not many, of them, willful and intentional departures or omissions from the contract. Under such circumstances the complaint was properly dismissed. Fox v. Davidson, 36 App. Div. 162, 55 N. Y. Supp. 524; Glacius v. Black, 50 N. Y. 145; Van Clief v. Van Vechten, 130 N. Y. 571, 29 N. E. 1017; Crane v. Knubel, 61 N. Y. 645; Spence v. Ham, 27 App. Div. 379, 50 N. Y. Supp. 960.

The judgment should be affirmed with costs. All concur.

KAPLAN v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department. June 8, 1900.)

1. Personal Injuries—Earning Capacity—Excessive Damages.
   Where the evidence in a personal injury case does not show that plaintiff's injuries have or will affect his earning capacity to any great extent, a verdict for $5,000 is excessive.

2. Same—Stipulation for Reduction—New Trial—Plaintiff's Option.
   Where a verdict for personal injuries is found excessive, plaintiff will be given the option to stipulate for a reduction of the recovery to an amount deemed proper by the appellate court, or to have the order of the trial court denying defendant a new trial reversed.

Appeal from trial term, New York county.

Action by Morris Kaplan against the Metropolitan Street-Railway Company. From a judgment in favor of plaintiff, and an order denying defendant's motion for a new trial, defendant appeals. Modified.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

Charles F. Brown, for appellant.
Joseph I. Green, for respondent.

PER CURIAM. The plaintiff had a verdict of $5,000 for personal injuries, which, after a careful consideration of the record before us, we think is largely in excess of the damages sustained by him. The evidence adduced upon the trial does not show that his injuries have affected or will affect to any great extent his earning capacity. Un-

der such circumstances we think a verdict of $5,000 ought not to stand, and therefore the judgment and order denying a motion for a new trial are reversed, and a new trial granted, with costs to the appellant to abide the event, unless the plaintiff will stipulate to reduce the damages recovered to $2,500, and the extra allowance granted to $100, thereby reducing the judgment as entered to the sum of $2,784.06; in which case judgment as so reduced and order denying motion for new trial are affirmed, without costs to either party.